UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80396-CIV-MARRA/JOHNSON

REINA MURRAY,

Plaintiff,

vs.

WEST PALM BEACH HOUSING
AUTHORITY,

Defendant.

_____/

## OPINION AND ORDER

This cause is before Defendant's Motion to Dismiss, or in the Alternative, Defendant's Motion for a More Definite Statement (DE 9), filed September 3, 2008.  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

On April 16, 2008, *pro se* Plaintiff Reina Murray filed a Complaint (DE 1), alleging employment discrimination against Defendant West Palm Beach Housing Authority.  On August 22, 2008, the Court issued an Order to Show Cause why the case should not be dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure (DE 8). Specifically, the Court noted that the court docket did not reflect that Defendant had been served with the Complaint and ordered Plaintiff to file either proof of service or show good cause why service had not been effected by September 11, 2008.  On September 3, 2008, Defendant filed a motion to dismiss the complaint for failure to serve properly the summons and complaint and for failing to state a claim of discrimination.  Alternatively, Defendant requested a more definite statement.

On that same date, Plaintiff filed a return of service, indicating that Defendant was served on August 14, 2008 (DE 10).[1]  In response to Defendant's motion, Plaintiff filed a submission entitled "Response to Request Motion to Dismiss" [sic] (DE 16).  Plaintiff's submission utilized a form, available on the Court's website, labeled "complaint."

      After careful review, the Court concludes that Plaintiff's most recent submission is an amended complaint, and not a response to the motion to dismiss.  The document was submitted on a form labeled "complaint" and, while inartfully pled, it lists various statutes, it is broken up into separate paragraphs and counts, and it seeks relief, including damages.[2]  Furthermore, pursuant to Rule 15(a)(1)(A), Plaintiff was permitted to file an amended complaint without first seeking leave from the Court.  Fed. R. Civ. P. 15(a)(1)(A) (a party may amend its pleading once as a matter of course before being served with a responsive pleading).  By filing an amended complaint, Defendant's motion to dismiss the original complaint is rendered moot.

      The Court has, however, reviewed the amended complaint and believes that the best course of action is to grant Plaintiff leave to amend the amended complaint with the hope that a second amended complaint will provide more clarity going forward.  To that end, Plaintiff is advised that each count in the complaint should contain one claim brought pursuant to one specific statute or common law claim.  See Fed. R. Civ. P. 10(b).  Moreover, each separate count must set forth each element of each claim, with special attention paid to the factual basis that

---

[1] Plaintiff conventionally filed the proof of service of the original complaint, which was docketed on September 4, 2008 (DE 10).  Thus, Defendant would not have known of the proof of service when it filed its motion.

[2] In the case of a *pro se* plaintiff, the Court must liberally construe a complaint.  See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

supports each element.  For example, Plaintiff should identify facts that support her claim of "protected activity," (paragraph one, count one) and "unlawful retaliation" by her employer (paragraph three, count one).  Likewise, Plaintiff should explain the factual basis underlying the allegation that Defendant "created a hostile work environment" (paragraph one, count three).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)    Defendant's Motion to Dismiss, or in the Alternative, Defendant's Motion for a More Definite Statement (DE 9) is **DENIED AS MOOT**.

2)    Plaintiff is granted leave to re-file a second amended complaint by**, December 1, 2008.**  Failure to file timely a second amended complaint may result in the closing of this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of November, 2008.

_____

KENNETH A. MARRA
United States District Judge

3